UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DWAYNE MOSS,

                              Plaintiff,

          v.

H. HANRAHAN, et al.,

                              Defendants.

DECISION & ORDER

06-CV-6467P

_____

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by assaulting him without justification, denying him medical care, and ignoring his attempts to obtain relief. (Docket # 1). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 16). For the following reasons, plaintiff's motion is denied.

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1. Whether the indigent's claims seem likely to be of substance;

        2. Whether the indigent is able to investigate the crucial facts concerning his claim;

      3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

      4.  Whether the legal issues involved are complex; and

      5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

      The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

      The Court has reviewed the facts presented herein in light of the factors required by law.  Plaintiff alleges that defendants assaulted him without justification, denied him medical care, and ignored his attempts to obtain relief.  (Docket # 1).  Through the current motion, plaintiff requests the assignment of counsel asserting only, "without an attorney to represent me, there may be a highly unlikely chance of [my] being successful or even following through [with] the above action."  (Docket # 16).  He also contends that his research has been impeded by the

facility's indifference towards his library requests, as well as by the slow pace of his own reading abilities.

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, and plaintiff has failed to offer any special reasons why appointment of counsel would be more likely to lead to a just determination. To the extent that the pace of his own reading skill detracts from his ability to conduct research efficiently, the Court is amenable to extending deadlines as necessary. In addition, to the extent plaintiff believes that the facility is unconstitutionally interfering with his access to the library, he may file such a claim. At this time, it is the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 16)** is **DENIED** without prejudice. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. *See* 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       June  22 , 2007