UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE MOSS,

                 Plaintiff,

      v.

H. HANRAHAN, et al.,

                 Defendants.
_____

DECISION & ORDER

06-CV-6467L

        Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by assaulting him without justification and denying him appropriate medical care. (Docket # 1). Currently before the Court are numerous motions by plaintiff seeking various forms of relief.[1] (Docket ## 32, 39, 42, 45, 55). The following constitutes this Court's Decision and Order with respect to each of plaintiff's motions.

**Motion to Compel**

        In his first motion, plaintiff seeks to compel defendants' production of initial disclosures, as required by Rule 26 of the Federal Rules of Civil Procedure. (Docket # 32). Although defendants served initial disclosures upon plaintiff on August 14, 2007 (Docket # 22), plaintiff contends that those disclosures are incomplete because they did not include, among

---

[1] Plaintiff has also filed a separate motion requesting that this Court expedite its decision with regard to his several pending motions. (Docket # 56). Because each of plaintiff's motions is addressed herein, his request for an expedited decision **(Docket # 56)** is hereby **DENIED as moot**.

other things, photographs of plaintiff during the incident and photographs of his injured hand. (Docket # 32). Defendants have not responded to plaintiff's motion despite the Court's issuance of a scheduling order setting a deadline for a response by defendants. (Docket # 34).

Plaintiff's motion to compel **(Docket # 32)** is **GRANTED** to the extent defendants possess additional documents or photographs related to the events upon which plaintiff's claims are based. Any such documents and photographs shall be produced within **two (2) weeks** of the date of this Order. If plaintiff believes he is entitled to additional documents, he must file a separate motion identifying the specific documents he seeks.

**Motion to Extend Time to File Amended Complaint**

Plaintiff has also filed two separate motions for an extension of time in which to file an amended complaint. (Docket ## 39, 42). According to his motions, because defendants have not produced the photographs referenced above, plaintiff has been unable to identify additional parties who should appropriately be named in the complaint. Plaintiff therefore seeks additional time to amend his complaint following the Court's decision regarding his motion to compel. Defendants oppose the requested extension, asserting that plaintiff has already been provided with ample means to identify all individuals involved in the events giving rise to this lawsuit. (Docket # 47).

In an abundance of caution, it is hereby ordered that plaintiff's motions for an extension of time to file an amended complaint **(Docket ## 39, 42)** are **GRANTED**. All motions to join other parties or to amend the pleadings shall be filed within **four (4) weeks** of the date of this Order.

**Motion to Extend Discovery and Sanctions**

Plaintiff's next motion requests an extension of time in which to complete discovery. Plaintiff also seeks an award of sanctions on the grounds that defense counsel failed to sign defendants' initial disclosures. (Docket # 45).

As to plaintiff's request for an extension of the discovery period, such motion **(Docket # 45)** is **GRANTED**. All discovery in this matter shall be completed by **December 12, 2008**. To the extent plaintiff seeks an award of sanctions, such motion **(Docket # 45)** is **DENIED**. Defendants' initial disclosures were electronically signed by counsel, as is permitted by the Clerk of the Court.

**Motion to Appoint Counsel**

In his final motion, plaintiff seeks the appointment of counsel. (Docket # 55). Although it is within the Court's discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984), the law is well-settled that there is no constitutional right to appointed counsel in civil cases. The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court first must look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, the legal issues in this case do not appear to be complex, nor does it appear that conflicting evidence will implicate the need for extensive cross-examination at trial. It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 55)** is **DENIED**

without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

## **CONCLUSION**

For the foregoing reasons, it is the Decision and Order of this Court that plaintiff's motion to compel **(Docket # 32)** is **GRANTED**.  It is the further Decision and Order of this Court that plaintiff's motions for an extension of time in which to file an amended complaint **(Docket ## 39, 42)** are **GRANTED**.  It is also my Decision and Order that plaintiff's motion for an extension of the discovery period and for sanctions **(Docket # 45)** is **GRANTED in PART and DENIED in PART**.  Finally, it is my Decision and Order that plaintiff's motion for the appointment of counsel **(Docket # 55)** is **DENIED**.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       November  17 , 2008