UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DWAYNE MOSS,

                      Plaintiff,

v.

H. HANRAHAN, et al.,

                      Defendants.
_____

REPORT & RECOMMENDATION
and DECISION & ORDER

06-CV-6467L

       Plaintiff Dwayne Moss ("Moss") in the above-captioned matter has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by assaulting him and denying him appropriate medical care. (Docket # 1). Currently before this Court are the following four motions by Moss: (1) to amend the complaint (Docket # 63); (2) for an order compelling responses to discovery requests (Docket # 58); (3) for sanctions against defendants for failing to comply with an order by this Court to produce photographs (Docket # 65); and (4) for permission to file evidence with this Court (Docket # 73).

## REPORT & RECOMMENDATION

**Motion to Amend**

    **A. Background**

       Moss originally filed this action against various officers of the Southport Correctional Facility on September 18, 2006. (Docket # 1). Moss's first claim alleges that on October 11, 2003, defendants Hanrahan, Gleason and Scoble assaulted him, causing injury, in

violation of his Eighth and Fourteenth Amendment rights. (*Id*.). Moss's second claim alleges that defendants Northrup, Alves, Barnard and McGinnis conspired to thwart his efforts to grieve the October 11, 2003 assault and also deprived him of proper medical treatment for his injuries in retaliation for his complaints, in violation of his First, Eighth and Fourteenth Amendment rights. (*Id*.).

Extended several times, the last-ordered deadline for amending the pleadings was December 15, 2008. (Docket # 57).[1] Defendants have not opposed Moss's motion to amend his complaint.

Moss's proposed amended complaint significantly amplifies the allegations from the first. For example, with respect to the first cause of action, Moss describes in greater detail the October 2003 assault and seeks to add four additional defendants: Augustine, John Doe, Robinson and Morse. (Docket # 63 at ¶¶ 1-37, 117). Similarly, with respect to the second cause of action, the proposed amended complaint expands its allegations of inadequate medical care and seeks to add another defendant, John "Albany" Doe. (*Id*. at ¶¶ 38-59, 118). Moss further augments his claims regarding defendants' efforts to thwart his filing of grievances by adding that former Inmate Grievance Supervisor Hale, a newly-proposed defendant, ignored his grievances about the alleged October 2003 assault. (*Id*. at ¶¶ 60-66).

The remainder of the proposed amended complaint asserts six new claims involving fifteen new defendants arising from events that allegedly occurred between 2003 and 2006. (Docket # 63). Among the new claims is one against defendant Hanrahan alleging First,

---

[1] The Clerk of the Court filed Moss's motion to amend his complaint on December 17, 2008. (Docket # 63). The complaint is dated December 8, 2008. (*Id*.).

Eighth and Fourteenth Amendment violations for threatening Moss in connection with a grievance he filed regarding the October 2003 assault. (*Id*. at ¶¶ 67-69, 121). The proposed amended complaint also includes claims that: in 2004, Moss was denied access to a substance abuse treatment program and was threatened after complaining of the denial (*id*. at ¶¶ 70-72); in 2005, he was confined to an observation room and sexually assaulted in retaliation for his interracial romantic relationship (*id*. at ¶¶ 73-90); and, in 2006, he was assaulted, during which a religious medal was forcibly seized from his person (*id*. at ¶¶ 91-111).

### B. Discussion

Rule 15(a) provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with

3

the spirit of the Federal Rules." *Id.*; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

If the amendment proposed by the moving party is futile, however, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When a party seeks to amend a complaint to add more defendants, a court must also consider Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20(a) permits the inclusion of additional defendants if "any right to relief is asserted against them jointly, severally, or . . . with respect to . . . the same transaction, occurrence or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See, e.g.*, *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton County Nat'l Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of

4

transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

    **C.  Analysis**

Evaluating the factors under Rule 15(a), I find that Moss should be permitted to amend his complaint to include the amplified pleadings with respect to the 2003 assault and subsequent medical treatment. (Docket # 63 at ¶¶ 1-59). Because these allegations serve as the basis of Moss's original complaint, and in the absence of any opposition from defendants, I also conclude that Moss shall be permitted under Rule 20(a) to add Augustine, John Doe, Robinson, Morse and John "Albany" Doe as defendants to these claims. Such amendments will promote judicial economy by ensuring that the persons allegedly involved in the assault and the subsequent medical treatment may be tried in the same action.

Moss's claim against defendants Hale and McGinnis for denying him access to the courts by thwarting his filing of grievances may also proceed. Although not directly asserted in the original complaint, these allegations were raised tangentially in the context of Moss's claim that he was denied proper medical care and do not raise a new legal theory or require significant additional discovery. Therefore, I grant Moss's request to amend his complaint to assert this claim against defendants McGinnis and Hale. (*Id*. at ¶¶ 60-66).

Finally, Moss's claim that on October 27, 2003, defendant Hanrahan verbally threatened him for having filed a grievance about the October 11, 2003 assault is also sufficiently related to the original pleadings and should be permitted to go forward. (*Id*. at ¶¶ 67-69). Although this claim raises a new legal theory – retaliation against the plaintiff for exercising his right to pursue a grievance against the defendant – it is not obviously futile. Although verbal

5

threats unaccompanied by injury do not generally rise to the level of a constitutional violation, a claim for retaliation may lie where the threats were made in retaliation for an inmate's exercise of his First Amendment right to file a grievance. *Smith v. Christopher*, 2008 WL 4283519, *13 (N.D.N.Y. 2008) (collecting cases addressing retaliation claims based on verbal threats). Here, the alleged threat made by defendant Hanrahan directly concerned Moss's filing of a grievance against him for the alleged assault two weeks earlier. Under these circumstances, I find that Moss has stated a First Amendment retaliation claim[2] and that it should be permitted to proceed because it is so closely factually related to the claims in the original complaint. *Id.* ("[w]hile in some instances verbal threats may suffice to constitute adverse action for purposes of a retaliation claim, whether they do in a particular case is dependent upon the specificity of the threat and the context in which it was made"). Moreover, permitting this retaliation claim to go forward against defendant Hanrahan should require little additional discovery because it is so narrowly tailored.

The five remaining claims, even though many of them name one or two of the original defendants, do not appear to arise from the "same transaction or occurrence" at issue in the original complaint. *See* Fed. R. Civ. P. 20(a)(2)(A). For example, Moss's allegation that he was discriminated against because of his involvement in an interracial relationship is simply too attenuated from the original allegations of assault and inadequate medical care to justify adding it to the pending complaint. Similarly, Moss does not connect the 2006 assault to the alleged assault in 2003, thus making it more properly the subject of a separate complaint. In short, the addition of five unrelated claims and fifteen new defendants at this stage of the litigation would

---

[2] It should not be permitted to proceed as an alleged Eighth or Fourteenth Amendment violation, however.

prejudice defendants by significantly altering the theories of the case, requiring substantial new discovery and delaying the timely resolution of this matter. I therefore recommend that the district court deny Moss's motion to add the allegations contained in paragraphs 70 though 116 and the causes of action contained in paragraphs 120, 122 and 123 of the proposed amended complaint. Similarly, I recommend that Moss's motion to join Doud, McGrain, Signor, Chappius, Bennett, Corcoran, Harris, Allen, Knapp, Selsky, Blaney, Alderhold, Granger and Cieslak as defendants be denied. As stated above, I recommend that Moss be granted permission to amend his complaint to assert the allegations set forth in paragraph 1 through 69 of the proposed amended complaint.

## DECISION & ORDER

### I. Motion for Sanctions

On November 17, 2008, this Court granted a motion to compel filed by Moss and ordered defendants to produce photographs related to the October 11, 2003 assault. (Docket # 57). Specifically, Moss sought photographs taken of his allegedly injured hand. Moss now seeks sanctions against defendants for not complying with this order and continues to seek production of the requested photographs. (Docket # 65). Defendants have not responded to the motion for sanctions despite a motion scheduling order issued by this Court. (Docket # 68).

A review of the Court's docket reveals that counsel for defendants represented to the Court in a July 2008 submission that the photographs Moss requests do not exist. (Docket # 47, Exhibit A). Defendants' Rule 26 disclosures, however, include a memorandum submitted by defendant Hanrahan referencing photographs that were taken of Moss's hand on October 11,

2003. (Docket # 22 at 37). Therefore, it is unclear to the Court whether the photographs ever existed or have been destroyed.

Accordingly, to the extent that Moss seeks sanctions against defendants for failure to produce photographs taken on October 11, 2003, that motion is denied. To clarify the confusion over the status of the photographs, however, counsel for defendants shall file an affidavit by no later than **October 30, 2009**, stating whether the requested photographs ever existed and, if so, the circumstances of their destruction.

II. <u>**Motion to Compel**</u>

On September 3, 2008, Moss served defendants with various discovery requests, including interrogatories directed to defendants Northrup, Alves, Gleason, Hanrahan and Scoble, as well as generalized requests for documents and admissions. (Docket # 53). Moss filed the instant motion to compel on December 8, 2008, after having received no response from defendants. (Docket # 58). Immediately thereafter, defendants Hanrahan and Gleason answered their interrogatories. (Docket ## 59, 60). Defendants have not responded to any of the other discovery requests since then and have not otherwise responded to Moss's motion to compel, despite the Court's issuance of a scheduling order setting a deadline for a response by defendants. (Docket # 61).

Because defendants have neither responded or otherwise objected to the majority of Moss's discovery requests, nor opposed Moss's motion to compel, the motion shall be granted in its entirety, except as to the interrogatories to Hanrahan and Gleason, which were answered on

8

December 12, 2008.  Defendants shall respond to Moss's outstanding discovery requests by no later than **October 30, 2009.**

III. <u>Other Relief</u>

On February 20, 2009, Moss filed a document advising of his intent to send to the Court certain personal property, including video and audio cassettes, jewelry and other miscellaneous items.  (Docket # 73).  Moss further requested that the Court notify him when the property arrived.  To the Court's knowledge, no such property has arrived from Moss.  Moreover, it is not within the Court's jurisdiction or duty to store personal property for litigants.  Moss's motion for intent to file evidence is thus denied.

## **<u>CONCLUSION</u>**

For the forgoing reasons, it is this Court's recommendation that Moss's motion to amend his complaint **(Docket # 63)** be **GRANTED in PART** and **DENIED in PART**.  Further, it is the order of this Court that Moss's motion to compel **(Docket # 58)** is **GRANTED in PART** and **DENIED in PART;** that his motion to file evidence **(Docket # 73)** is **DENIED**; and, that Moss's motion for sanctions **(Docket # 65)** is **DENIED**.  Counsel for defendants shall submit an

affidavit by no later than **October 30, 2009**, stating whether the requested photographs ever existed and, if so, describing the circumstances of their destruction.

**IT IS SO ORDERED.**

                                                                 *s/Marian W. Payson*
                                                                       MARIAN W. PAYSON
                                                            United States Magistrate Judge

Dated: Rochester, New York
       September  29 , 2009

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Servs.,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      September  29 , 2009